**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 24-cv-3583-RMR-KAS

EARL T. SMITH,

Plaintiff,

v.

RICHIE LAWS,
STEVE MATUZIK, Union Rep,
MIKE YOUNG,
RON POSEY,
RTD, and
ATU LOCAL 1001,

Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Kathryn A. Starnella entered on September 30, 2026, ECF No. 18, address the Order to Show Cause issued on February 23, 2026, ECF No. 17. In the Order to Show Cause, Magistrate Judge Starnella ordered Plaintiff to "either (1) proof of service on or waiver of service by Defendants or (2) a response to this Order to Show Cause demonstrating good cause for his failure to serve Defendants to date" by March 23, 2026. ECF No. 17. In the Order to Show Cause, Magistrate Judge Starnella states "Plaintiff is warned that failure to comply with this Order will result in a Recommendation that his case be dismissed for failure to serve Defendants, failure to comply with a Court order, and/or failure to prosecute his lawsuit." *Id.*

Plaintiff did not comply with Magistrate Judge Starnella's Order to Show Cause and, thus, she Recommends the Order to Show Cause (ECF No. 17) be made absolute. Plaintiff timely filed an objection, stating that he "could not serve the summons [because] RTD would not let servers [in] office building on prop[erty and he] did not at [the] time have more money to pay servers." ECF No. 21.

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Plaintiff proceeds *pro se*, and his filings must be construed liberally. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). Plaintiff contends that he could not serve Defendants in this case for financial and logistical reasons. However, as Magistrate Judge Starnella notes, Fed. R. Civ. P. 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be

made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.” Here, Plaintiff failed to serve Defendants by Magistrate Judge Starnella’s extended deadline of March 23, 2026, and did not show good cause for the failure. Accordingly, Plaintiff’s objection is OVERRULED, and the Recommendation is ACCEPTED AND ADOPTED.

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. Plaintiff’s Objection to the Recommendation, ECF No. 21, is OVERRULED;
2. The Recommendation, ECF No. 18, is ACCEPTED AND ADOPTED; and
3. Plaintiff’s claims are DISMISSED without prejudice, and the Clerk of the Court is respectfully directed to close this case.

DATED: October 30, 2026

BY THE COURT:

________________________________
REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court